1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

GREY MATTER MEDICAL

8  PRODUCTS, LLC,

CASE NO. C13-5861 BHS

9                               Plaintiff,

ORDER DENYING

10  v.

DEFENDANTS' MOTION FOR
PARTIAL SUMMARY

11  SCHREINER GROUP LIMITED
PARTNERSHIP, et al.,

JUDGMENT AND GRANTING IN
PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR

12                               Defendants.

SUMMARY JUDGMENT

13

14          This matter comes before the Court on Defendants Schreiner Group GMBH & Co.

15  KG and Schreiner Group Limited Partnership's (collectively "Schreiner") motion for

16  summary judgment (Dkt. 25) and Plaintiff Grey Matter Medical Products, LLC's ("Grey

17  Matter") cross-motion for summary judgment (Dkt. 26). The Court has considered the

18  pleadings filed in support of and in opposition to the motions and the remainder of the

19  file and hereby rules as follows:

20                      **I. PROCEDURAL HISTORY**

21          On October 1, 2013, Grey Matter filed a complaint against Schreiner for

22  trademark infringement, unfair competition, and declaratory judgment.  Dkt. 1.  On

November 18, 2013, Schreiner answered and asserted counterclaims for cancelation of

trademark registrations, trademark infringement, and declaratory judgment.  Dkt. 14.

On May 8, 2014, Schreiner filed a motion for partial summary judgment.  Dkt. 25.

On May 27, 2014, Grey Matter responded and filed a cross motion for summary

judgment.  Dkt. 26.  On May 30, 2014, Schreiner replied.  Dkt. 29.  On June 16, 2013,

Schreiner responded to Grey Matter's motion.  Dkt. 30.  On June 20, 2014, Grey Matter

replied.  Dkt.  32.

## II. FACTUAL BACKGROUND

A founding member of Grey Matter, Cory Dobak, declares that he and his

business partners "invented and developed the NeedleTrap device because hundreds of

thousands of healthcare workers each year continued to be hurt due to accidental needle

injuries."  Dkt. 28, Declaration of Cory Dobak, ¶ 3.  Mr. Dobak claims that the first use

of the device was in August of 2005 when he transported the device from Oregon to a

Spokane, Washington hospital.  *Id*., ¶ 5.  In August 2008, Grey Matter filed an

application for the trademark "NeedleTrap."  Dkt. 25, Exh. A.  The United States Patent

and Trademark Office ("USPTO") registered the trademark on March 17, 2009, stating

that the mark was for a "needle management system, namely, a one handed needle

recapper for medical use" with a date of first use in commerce of January 1, 2006.  *Id*.

In December 2012, Schreiner sought registration for the mark "Needle-Trap.  Dkt.

27, Declaration of Mark P. Walters, Exh. B.  In March 2013, the USPTO denied the

application in light of Grey Matter's mark.  *Id*., Exh. C.  Schreiner filed a petition to

1  cancel Grey Matter's mark, which is stayed pending determination of this litigation.  *Id.*,

2  Exh. D.

3  **III. DISCUSSION**

4       Schreiner moves for partial summary judgment on its counterclaim for cancelation

5  of Grey Matter's trademark.  Dkt. 25.  On the other hand, Grey Matter moves for

6  summary judgment on the same counter claim alleging theories of fraud, abandonment,

7  and failure to use the mark.

8  **A.**     **Summary Judgment Standard**

9       Summary judgment is proper only if the pleadings, the discovery and disclosure

10  materials on file, and any affidavits show that there is no genuine issue as to any material

11  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

12  The moving party is entitled to judgment as a matter of law when the nonmoving party

13  fails to make a sufficient showing on an essential element of a claim in the case on which

14  the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

15  323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

16  could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

17  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

18  present specific, significant probative evidence, not simply "some metaphysical doubt").

19  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

20  if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

21  jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

22

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. Schreiner's Motion**

In this case, Schreiner moves for summary judgment on its counterclaim that Grey Matter's trademark registration should be canceled for fraud. Dkt. 25 at 13. While fraud in procuring a trademark is sufficient grounds to cancel a registration, the moving party bears a heavy burden of proving

> a false representation regarding a material fact, the registrant's knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance.

1    *Robi v. Five Platters*, 918 F.2d 1439, 1444 (9th Cir. 1990) (citing *San Juan Products, Inc.*

2    *v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 473 (10th Cir. 1988)).  For purposes of

3    Schreiner's motion, "*where the moving party has the burden*—the plaintiff on a claim for

4    relief or the defendant on an affirmative defense—*his showing must be sufficient for the*

5    *court to hold that no reasonable trier of fact could find other than for the moving party*."

6    *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *see also*

7    *Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

8    Therefore, Schreiner bears the burden of showing that no reasonable juror could find

9    other than for Schreiner.

10          In this case, Schreiner has failed to meet its burden.  Schreiner requests

11   cancelation of Grey Matter's trademark because Grey Matter failed to describe its actual

12   product in the application.  Dkt. 25 at 8-13.  Grey Matter counters that Schreiner has

13   failed to cite any authority in support of its position.  Dkt. 26 at 13.  The Court agrees

14   with Grey Matter.  At the very least, Schreiner has failed to show that no reasonable juror

15   could find other than for Schreiner on the issues of whether Grey Matter (1) intended to

16   induce reliance when it stated on the application that the product was a recapper, (2)

17   actually induced reasonable reliance, and (3) damage proximately resulted from the

18   statement.  Therefore, the Court denies Schreiner's motion for summary judgment on its

19   counterclaim.

20

21

22

1  **C.     Grey Matter's Motion**

2        In its counterclaim, Schreiner alleges that Grey Matter's mark should be cancelled

3  for fraud, abandonment, and prior use.  Dkt. 14, ¶¶ 52-59.  Grey Matter moves for

4  summary judgment on each alleged theory.  Dkt. 26 at 15.

5        **1.     Fraud**

6        In the Ninth Circuit, the movant must show intent to deceive, reliance, and

7  damages proximately resulting from the reliance.  *Five Platters*, 918 F.2d at 1444.

8        In this case, Schreiner has failed to submit evidence showing that material issues

9  of fact exist on intent to deceive, reliance, or damages.  At most, Schreiner has shown

10  material misrepresentations that amount to false representation, which falls below the

11  level of fraudulence that is required to cancel a trademark registration.  Therefore, the

12  Court grants Grey Matter's motion for summary judgment on the issue of cancellation

13  due to fraud.

14        Schreiner requests that, if the Court were inclined to grant Grey Matter's motion

15  on any issue, the Court allow Schreiner to conduct additional discovery before rendering

16  judgment.  Dkt. 30 at 8.  In order to request such relief, the party must "show by affidavit

17  or declaration that, for specified reasons, it cannot present facts essential to justify its

18  opposition . . . ."  Fed. R. Civ. P 56(d).  Schreiner has failed to show that it cannot present

19  facts essential to justify its opposition to this issue and instead makes a blanket request to

20  allow additional discovery.  Based on the record, there is a complete lack of any evidence

21  that Grey Matter intended to deceive either the USPTO or the public when it filed its

22  application.  There is no evidence that Grey Matter needed to establish priority at the time

1  of filing or that Grey Matter falsely represented prior adverse actions regarding the mark

2  in question.  *See Five Platters*, 918 F.2d at 1444.  In fact, there is also a complete lack of

3  evidence that Grey Matter could be considered a "trademark troll," as Schreiner contends.

4  Instead, the uncontested evidence establishes that Grey Matter may have provided some

5  immaterial misstatements on its application.  Such facts may warrant amendment and

6  alter some aspects of enforceability, but they do not warrant outright cancellation.

7  Therefore, the Court denies Schreiner's request to withhold judgment on this issue

8  pending additional discovery.

9          **2.     Abandonment**

10         "The Lanham Act defines abandonment as (1) discontinuance of trademark use

11  *and* (2) intent not to resume such use . . . ."  *Electro Source, LLC v. Brandess-Kalt-Aetna*

12  *Group, Inc.*, 458 F.3d 931, 935 (9th Cir. 2006).  "Intent not to resume may be inferred

13  from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of

14  abandonment."  15 U.S.C. § 1127.  However,

15              "use" of a trademark defeats an allegation of abandonment when: the use
               includes placement on goods sold or transported in commerce; is bona fide;
16             is made in the ordinary course of trade; and is not made merely to reserve a
               right in a mark.
17
    *Electro Source*, 458 F.3d at 936.
18
19         In this case, Schreiner asserts that Grey Matter has abandoned its mark because (1)

20  Grey Matter has never marketed a "recapper" as stated in the application and (2) there

21  has been at least three years of non-use.  Dkt. 30 at 9–14.  With regard to the former

22  issue, Schreiner has failed to submit any authority for the proposition that

ORDER - 7

1   mischaracterizing one's actual product in a trademark application amounts to

2   abandonment of a registered trademark.  This is especially true when the alleged

3   mischaracterization amounts to what type of needle management system was declared, as

4   opposed to an entirely different market of products.  *See, e.g., Imperial Tobacco Ltd.,*

5   *Assignee of Imperial Group PLC v. Philip Morris, Inc.*, 899 F.2d 1575, 1582 (Fed. Cir.

6   1990) (application listed product as cigarettes, but company efforts were "directed to

7   marketing 'incidental' products, such as whisky, pens, watches, sunglasses and food

8   . . . .").  Therefore, Schreiner's arguments on this issue do not overcome summary

9   judgment.

10          With regard to actual non-use of the mark, there are clearly questions of fact.  *See*

11   Dkt. 30 at 10 (listing additional allegations indicating no intention to use mark).  Even

12   Grey Matter concentrates on some activities between 2005 and 2009 (Dkt. 32 at 6), with

13   little to no evidence of use since 2009 (Dkt. 26 at 5–8).  Taking all inferences in favor of

14   Schreiner, the Court concludes that material questions of fact exist on the issues of

15   discontinuance of use and intent not to resume use.  Therefore, the Court denies Grey

16   Matter's motion on the issue of abandonment.

17          **3.     Commercial Use**

18          The "use in commerce" requirement is met when a mark is (1) placed on the goods

19   or container, or on documents associated with the goods if the nature of the goods makes

20   placement on the goods or container impracticable, and (2) that good are then "sold or

21   transported in commerce."  15 U.S.C. § 1127; *Aycock*, 560 F.3d at 1357.  "[T]rademark

22   rights can vest even before any goods or services are actually sold if 'the totality of

1  [one's] prior actions, taken together, [can] establish a right to use the trademark.'"

2  *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1052 (9th

3  Cir. 1999) (quoting *New West Corp. v. NYM Co. of Calif., Inc.*, 595 F.2d 1194, 1200 (9th

4  Cir. 1979)).  "The registration of a mark that does not meet the use requirement is void ab

5  initio."  *Id.* at 1357.

6         In this case, the Court is unable to conclude, based on the briefing, which party

7  bears the burden of proof on this issue.  It appears that, because commercial use is a

8  requirement of obtaining the trademark, Grey Matter bears the burden.  Thus, in order to

9  obtain summary judgment, Grey Matter must show that no reasonable juror could find

10  other than for Grey Matter.  In other words, Grey Matter must show that no reasonable

11  juror could find other than Grey Matter's alleged uses prior to application constitute use

12  in commerce.  The Court is unable to reach that conclusion because the transportation of

13  one product across state lines for a showing to one customer does not seem to meet the

14  commercial use requirement.  Usually, the Court would request additional briefing to

15  clarify this issue.  However, the dispositive motion deadline is months from now and the

16  parties have sufficient opportunity to file another motion on this issue before that

17  deadline.  Therefore, the Court denies Grey Matter's motion without prejudice for a

18  failure to show that Grey Matter is entitled to judgment as a matter of law on this issue.

19                                **IV. ORDER**

20         Therefore, it is hereby **ORDERED** that Schreiner's motion for partial summary

21  judgment (Dkt. 25) is **DENIED** and Grey Matter's cross-motion for summary judgment

22

1    (Dkt. 26) is **GRANTED in part** on the issue of fraud and **DENIED in part** as to all

2    other issues.

3          Dated this 2nd day of July, 2014.

4

5                                              _____

6                                              BENJAMIN H. SETTLE
                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 10