UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREY MATTER MEDICAL PRODUCTS, LLC,

    Plaintiff,

v.

SCHREINER GROUP LIMITED PARTNERSHIP, et al.,

    Defendants.

CASE NO. C13-5861 BHS

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendants Schreiner Group GMBH & Co. KG and Schreiner Group Limited Partnership's (collectively "Schreiner") motion for summary judgment (Dkt. 56). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On October 1, 2013, Grey Matter filed a complaint against Schreiner for trademark infringement, unfair competition, and declaratory judgment. Dkt. 1. On November 18, 2013, Schreiner answered and asserted counterclaims for cancelation of trademark registrations, trademark infringement, and declaratory judgment. Dkt. 14.

    On November 5, 2014, Schreiner moved for summary judgment on Grey Matter's claims arguing that Grey Matter has not used its mark in commerce, Grey Matter has

abandoned its mark, and Grey Matter has no trademark to enforce under state law. Dkt. 56. On December 1, 2014, Grey Matter responded. Dkt. 57. On December 5, 2014, Schreiner replied. Dkt. 62. On December 10, 2014, Grey Matter filed a surreply. Dkt. 64.[1]

## II. FACTUAL BACKGROUND

A founding member of Grey Matter, Cory Dobak, declares that he and his business partners "invented and developed the NeedleTrap device because hundreds of thousands of healthcare workers each year continued to be hurt due to accidental needle injuries." Dkt. 28, Declaration of Cory Dobak, ¶ 3. Mr. Dobak claims that the first use of the device was in August of 2005 when he transported the device from Oregon to a Spokane, Washington hospital. *Id*., ¶ 5. In February of 2007, Gray Matter sent a request for information to the Food and Drug Administration ("FDA") concerning the NeedleTrap device. Dkt. 56, Exh A. On March 13, 2007, the FDA responded expressing its opinion on the regulatory requirements for the device. *Id*.

In August 2008, Grey Matter filed an application for the trademark "NeedleTrap." Dkt. 25, Exh. A. The United States Patent and Trademark Office ("USPTO") registered the trademark on March 17, 2009, stating that the mark was for a "needle management system, namely, a one handed needle recapper for medical use" with a date of first use in commerce of January 1, 2006. *Id*.

---

[1] The Court denies the motion to strike as moot because neither the argument nor the improperly filed evidence is relevant to the Court's consideration of the issues.

In December 2012, Schreiner sought registration for the mark "Needle-Trap. Dkt. 27, Declaration of Mark P. Walters, Exh. B. In March 2013, the USPTO denied the application in light of Grey Matter's mark. *Id.*, Exh. C. Schreiner filed a petition to cancel Grey Matter's mark, which is stayed pending determination of this litigation. *Id.*, Exh. D.

### III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Commercial Use**

The "use in commerce" requirement is met when a mark is (1) placed on the goods or container, or on documents associated with the goods if the nature of the goods makes placement on the goods or container impracticable, and (2) the goods are then "sold or transported in commerce."  15 U.S.C. § 1127; *Aycock Engineering, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009).  "[T]rademark rights can vest even before any goods or services are actually sold if 'the totality of [one's] prior actions, taken together, [can] establish a right to use the trademark.'"  *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1052 (9th Cir. 1999) (quoting *New West Corp. v. NYM Co. of Calif., Inc.*, 595 F.2d 1194, 1200 (9th Cir. 1979)).  "The registration of a mark that does not meet the use requirement is void ab initio."  *Id*. at 1357.

In this case, Schreiner argues that Grey Matter did not meet the use requirement before it filed its application on August 8, 2008.  Dkt. 56 at 12–16.  Grey Matter responds with nine distinct facts that it claims establish a right to use the trademark.  Dkt. 57 at 14–15.  In reply, Schreiner argues that the "recently mentioned activities are not credible and do not give rise to a *genuine* issue of material fact."  Dkt. 62 at 8.  With regard to credibility, "at this stage of the litigation, the judge does not . . . make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions."  *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Anderson*, 477 U.S. at 253).  Therefore, the Court declines to assess the credibility of Grey Matter's evidence.

With regard to whether a genuine issue of material fact exists, the Ninth Circuit has "generally followed a 'totality of the circumstances' approach."  *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1205 (9th Cir. 2012).  Under this approach, "evidence of actual sales, or lack thereof, is not dispositive in determining whether a party has established 'use in commerce' within the meaning of the Lanham Act."  *Id*.  Instead,

> district courts should be guided in their consideration of non-sales activities by factors we have discussed, such as the genuineness and commercial character of the activity, the determination of whether the mark was sufficiently public to identify or distinguish the marked service in an appropriate segment of the public mind as those of the holder of the mark, the scope of the non-sales activity relative to what would be a commercially reasonable attempt to market the service, the degree of ongoing activity of the holder to conduct the business using the mark, the amount of business transacted, and other similar factors which might distinguish whether a service has actually been "rendered in commerce."

*Id.*

In light of these considerations, the Court must assess the evidence in the record. Grey Matter's evidence consists of market research in 2004-2005, one sales pitch in 2005, disclosures to manufacturers of prototypes, and FDA approval activities. Grey Matter also requested information from the FDA regarding the NeedleTrap device. Dkt. 56, Exh. A. In response, the FDA informed Grey Matter that it "may not market" the device until it "received a letter from FDA allowing [it] to do so," and, if they marketed "the device without conforming to these requirements, [Grey Matter would] be in violation of the [Federal Food, Drug, and Cosmetic Act (Act).]" *Id.* This appears to be one of the "less traditional" trademark uses that Congress intended to protect when it amended the Lanham Act. *See* Dkt. 57 at 9 (quoting Congressional record). Under the totality of the circumstances and considering that Grey Matter was actually prevented from even marketing the device pending FDA approval, the Court finds that Grey Matter has submitted sufficient evidence to create questions of fact for the fact finder. Therefore, the Court denies Schreiner's motion on the issue of commercial use under the Lanham Act.

**C. Abandonment**

The "Lanham Act defines abandonment as (1) discontinuance of trademark use and (2) intent not to resume such use . . . ." *Electro Source, LLC v. Brandess-Kalt-Aetna Group, Inc.*, 458 F.3d 931, 935 (9th Cir. 2006).

In this case, Grey Matter has submitted evidence of continued sporadic use of the trademark. Dkt. 57 at 18–19. This evidence at least creates questions of fact for the fact

finder whether Grey Matter discontinued use of NeedleTrap and, if so, whether Grey Matter intended not to resume use.  Therefore, the Court denies Schreiner's motion on abandonment.

**D.     State Law**

Schreiner moves for summary judgment on Grey Matter's state law claim because the companies do not compete in Washington.  Dkt. 56 at 27–28.  Grey Matter responded with evidence that Schreiner's website advertises sales in Washington and that Schreiner markets to pharmaceutical companies that sell to customers in Washington.  Dkt. 57 at 23–24.  This evidence is sufficient to create material questions of fact whether the companies actually compete in Washington.  Therefore, the Court denies Schreiner's motion on Grey Matter's state law claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Schreiner's motion for summary judgment (Dkt. 56) is **DENIED**.

Dated this 7th day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge